**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION | * <br> * <br> *    MDL No.: 19-md-2879 <br> * <br>      JUDGE GRIMM |
| THIS DOCUMENT RELATES TO <br> Case No. 8:19-cv-00654 | * <br>      JURY TRIAL DEMANDED <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MARRIOTT DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO CITY OF CHICAGO'S FIRST AMENDED COMPLAINT**

Defendants Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood" and, together with Marriott, "Defendants") submit their Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") filed by Plaintiff City of Chicago ("Plaintiff").

Defendants deny every allegation not expressly admitted in this Answer including, without limitation, any allegations in the Complaint's preliminary paragraph, headings, subheadings, subparts, prayer for relief, and footnotes. With respect to any purported documents cited to or quoted from in the Complaint, by providing its Answer here, Defendants do not admit that the documents are relevant or admissible in this action, and Defendants reserve all objections regarding admissibility.

**INTRODUCTION**

1. Defendants admit they are the victims of a data security incident that impacted the Starwood guest reservation database. Defendants admit that on November 30, 2018, Marriott announced that data security incident. Further answering, Defendants admit that paragraph 1

purports to describe the contents of that announcement. That document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that they experienced the second largest data breach in history, and so deny it. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit that paragraph 3 and its subparts purport to describe a report prepared by Verizon, which Marriott hired to perform a forensic investigation into the data security incident. That report speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 3 and its subparts.

4. Defendants admit that there was unauthorized access to the Starwood guest reservation database. Defendants admit that Starwood is a wholly-owned subsidiary of Marriott. Defendants admit that they have identified millions of guest records that were potentially impacted in the incident. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit that in November 2015, Starwood announced a malware intrusion that affected some point of sale systems at a limited number of Starwood hotels in North America. Defendants further admit that Starwood conducted an investigation into that intrusion. Defendants further admit that there had been unauthorized access to the Starwood network since 2014. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6. Defendants deny they had a string of data security incidents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first bullet point of paragraph 6, and so deny them. Defendants deny the allegations in the second bullet point of paragraph 6. Defendants deny the allegations in the third bullet point of paragraph

6. Defendants deny the allegations in the fourth bullet point of paragraph 6. Defendants deny the allegations in the fifth bullet point of paragraph 6. To the extent further response is required, Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit that some security threats are unavoidable in a rapidly-developing technological environment. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants acknowledge that Plaintiff is bringing this suit but denies that Defendants engaged in any unlawful conduct or that Plaintiff is entitled to the relief it seeks.

**PARTIES**

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and footnote 7, and so deny them.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

**JURISDICTION AND VENUE**

13. Defendants admit that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

14. Defendants admit that the Court has personal jurisdiction over Defendants.

15. Defendants admit that venue is proper in the District of Maryland.

**ALLEGED FACTUAL BACKGROUND**

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants admit that in 2015, the directors of Marriott and Starwood approved a definitive merger agreement under which the companies would create the world's largest hotel

company. Defendants further admit that the acquisition was completed the following year. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 18 of the Complaint, and so deny them.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint because Plaintiff has failed to define "Starwood Properties" or "the period covered by this data breach," and so deny them.[1]

17. The allegations in paragraph 17 state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Marriott is licensed to conduct business in the City of Chicago and that in some instances, Marriott has obtained separate licenses to operate specific hotels and related businesses in the city of Chicago. To the extent further response is required, Defendants deny the remaining allegations in paragraph 17 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants admit that paragraph 21 purports to describe some of the contents of Marriott's privacy statement. That document speaks for itself. Further answering, Defendants deny that the Marriott privacy statement was Starwood's privacy statement. To the extent further response is required, Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22. Defendants admit that paragraph 22 purports to describe some of the contents of

---

[1] Plaintiff's Complaint contains several errors in the numbering of paragraphs. Even so, to allow the Court and the parties to compare the allegations in the Complaint and the Answer, Defendants are reproducing Plaintiff's paragraph numbering.

Marriott's privacy statement. That document speaks for itself. Further answering, Defendants deny that the Marriott privacy statement was Starwood's privacy statement. To the extent further response is required, Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that they have employed an external data analytics company to assist in marketing to existing and potential customers. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24. Defendants admit that paragraph 24 purports to describe some of the contents of a version of Marriott U.S.'s Privacy Shield Guest Privacy Policy. That document speaks for itself. Further answering, Defendants deny that the Marriott privacy statement was Starwood's privacy statement. To the extent further response is required, Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25. Defendants admit that paragraph 25 purports to describe the contents of a document cited at footnote 9 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and so deny them.

26. Defendants admit that paragraph 26 purports to describe the contents of a document cited at footnote 10 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and so deny them.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and so deny them.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants admit that on or about November 20, 2015, Starwood announced a malware intrusion that affected some point of sale systems at a limited number of Starwood hotels in North America. Defendants further admit that paragraph 31 purports to describe the contents of a document cited at footnote 13 of the Complaint. That document speaks for itself. Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32. Defendants admit that paragraph 32 purports to describe the contents of a document cited at footnote 13 of the Complaint. That document speaks for itself. Further answering, Defendants admit that the malware was designed to collect certain payment card information, including cardholder name, payment card number, security code and expiration date. To the extent further response is required, Defendants deny the remaining allegations in paragraph 32 of the Complaint.

33. Defendants admit that Starwood engaged a third party to conduct a forensic investigation of the intrusion announced on or about November 20, 2015. Further answering, Defendants admit that in January 2016, Starwood issued a letter from its President to its customers regarding the malware intrusion announced on or about November 20, 2015. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34. Defendants admit that there had been unauthorized access to the Starwood network since 2014. Defendants deny the remaining allegations in paragraph 34 of the

Complaint.

36. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants admit that on or about November 30, 2018, Marriott announced a data security incident involving the Starwood guest reservation database. Defendants further admit that the Starwood reservation database contained guest reservation information related to brands including Sheraton Hotels & Resorts, W Hotels, Westin Hotels & Resorts, and St. Regis. To the extent further response is required, Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37. Defendants admit that paragraph 37 purports to describe the contents of Marriott's November 30, 2018 announcement of the Starwood guest reservation database security incident. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in the first sentence of paragraph 41. Defendants admit that the second sentence of paragraph 41 purports to quote from a document cited in footnote 17 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and so deny them

43. Defendants admit that paragraph 43 purports to describe the contents of two announcements issued by Marriott related to the Starwood data security incident. Those

documents speak for themselves. Defendants deny the allegations in the second sentence of paragraph 43 except to state that the Starwood guest reservation database used Advanced Encryption Standard encryption (AES-128). Defendants deny the allegations in the third sentence of paragraph 43. To the extent further response is required, Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint except to state that certain individuals whose information may have been contained in the Starwood guest reservation database may have received an email from an email address identified as "email-marriott.com," which was sent by a third party.

46. Defendants deny the allegation in the first sentence of paragraph 46 that the email address "email-marriott.com" is "easily spoofable." Defendants admit that paragraph 46 purports to quote documents cited in footnotes 19 and 20 of the Complaint. Those documents speak for themselves. To the extent further response is required, Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47. Defendants admit that Marriott established a website to address the data security incident. Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48. Defendants admit the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants admit that paragraph 51 and footnote 22 of the Complaint purport to describe some of the contents of the PFI report prepared by Verizon. That document speaks for itself. Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52. Defendants admit that paragraph 52 and footnote 23 of the Complaint purport to describe some of the contents of the PFI report prepared by Verizon, but deny that Plaintiff accurately describes that document. That document speaks for itself. Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants admit that paragraph 55 purports to describe the contents of a document cited at footnote 24 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint, and so deny them.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and so deny them.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants admit that paragraph 63 purports to describe the contents of a document cited at footnote 26 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 63 of the Complaint.

64. Defendants admit that paragraph 64 purports to describe the contents of a document cited at footnote 26 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants admit that Marriott offered guests the opportunity to enroll in WebWatcher free of charge for one year. Further answering, Defendants admit that WebWatcher monitors internet sites where personal information is shared and generates an alert to the consumer if evidence of the consumer's personal information is found. Defendants deny the remaining allegations in paragraph 69 of the Complaint.

70. Defendants admit paragraph 70 purports to describe the contents of a document cited at footnote 32 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 71, and so deny them. Defendants admit that the second sentence of paragraph 71 purports to describe the contents of a document cited at footnote 32 of the Complaint. That document speaks for itself. Further answering, Defendants admit that the third sentence of paragraph 71 purports to describe the contents of a document cited at footnote 34 of the Complaint. That document speaks for itself. Defendants further admit that the fourth sentence of paragraph 71 purports to describe the contents of a document cited at

footnote 35 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 71 of the Complaint.

72. Defendants admit that Marriott established a process for guests who believed that they experienced fraud as a result of their passport numbers being involved in the data security incident and, if that process determined that fraud had taken place, Marriott would reimburse guests for the costs associated with getting a new passport. Further answering, Defendants deny the allegations in the second sentence of paragraph 72. Defendants admit that the third sentence of paragraph 72 purports to describe the contents of a document cited at footnote 32 of the Complaint. That document speaks for itself. Defendants deny the remaining allegations in paragraph 72 of the Complaint.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and so deny them.

74. Defendants admit that paragraph 74 purports to describe the contents of a document cited in footnote 38 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants deny the remaining allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and so deny them.

77. Defendants admit that paragraph 77 of the Complaint purports to describe the contents of a document cited in footnote 39 of the Complaint. That document speaks for itself. To the extent further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and so deny them.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint, and so deny them.

**COUNT I**
**Unfair Practice-Failure to Safeguard Personal Information**
**in Violation of MCC § 2-25-090(a)**

80. Defendants incorporate their responses to each of Plaintiff's allegations.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Municipal Code of Chicago § 2-25-090 speaks for itself, and otherwise deny the remaining allegations in paragraph 81 of the Complaint.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, speaks for itself, and otherwise deny the remaining allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

**COUNT 2**
**Unfair Practice-Failure to Implement and Maintain**
**Reasonable Security Measures in Violation of MCC § 2-25-090(a)**

89. Defendants incorporate their responses to each of Plaintiff's allegations.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Municipal Code of Chicago § 2-25-090

speaks for itself, and otherwise deny the remaining allegations in paragraph 90 of the Complaint.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2Z; 815 ILCS 530/20, speaks for itself, and otherwise deny the remaining allegations in paragraph 91 of the Complaint.

92. Defendants state that paragraph 92 contains legal conclusions to which no response is required.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Illinois Personal Information Protection Act, 815 ILCS 530/45, speaks for itself, and otherwise deny the remaining allegations in paragraph 93 of the Complaint.

94. Defendants state that paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Illinois Personal Information Protection Act, 815 ILCS 530/45, speaks for itself, and otherwise deny the remaining allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

**COUNT 3**
**Deceptive Practice-Misrepresentations and Material Omissions**
**in Violation of MCC § 2-25-090(a)**

97. Defendants incorporate their responses to each of Plaintiff's allegations.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that Municipal Code of Chicago § 2-25-090 speaks for itself, and otherwise deny the remaining allegations in paragraph 98 of the Complaint.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, speaks for itself, and otherwise deny the remaining allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint

102. Defendants deny the allegations in paragraph 102 of the Complaint.

103. Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

## COUNT 4
### Unfair Practice-Failure to Give Prompt Notice of Data Breach in Violation of MCC § 2-25-090(a)

105. Defendants incorporate their responses to each of Plaintiff's allegations.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Illinois Personal Information Protection Act, 815 ILCS 530/10, speaks for itself, and otherwise deny the remaining allegations in paragraph 106 of the Complaint.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants deny the allegations in paragraph 108 of the Complaint.

## RESPONSE TO REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in its Request for Relief, and deny every allegation not expressly admitted.

## JURY DEMAND

Plaintiff's demand for a jury trial does not require an answer from Defendants.

Defendants also demand a trial by jury of all claims so triable.

## DEFENSES

### FIRST DEFENSE

Failure to state a claim. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Lack of standing. Plaintiff lacks standing under Article III.

### THIRD DEFENSE

Lack of standing. Plaintiff lacks standing to seek relief for the benefit of its residents.

### FOURTH DEFENSE

Lack of authority under the Illinois Constitution. Plaintiff's claims are barred because it lacks authority to regulate conduct that takes place beyond its borders.

### FIFTH DEFENSE

Lack of authority under the Illinois Constitution. Plaintiff's claims are barred because it lacks authority to regulate issues of state or national concern.

### SIXTH DEFENSE

Failure to satisfy prerequisites to bringing claims. Plaintiff's claims are barred because it has failed to satisfy the conditions of bringing claims under MCC § 2-25-090.

### SEVENTH DEFENSE

Violation of the Commerce Clause. Plaintiff's claims are barred because applying MCC § 2-25-090 in the manner sought by the Complaint would violate the Commerce Clause of the U.S. Constitution because, among other things, Plaintiff seeks to regulate conduct that takes place beyond the borders of Chicago or Illinois and applying MCC § 2-25-090 in the manner

sought by the Complaint imposes burdens on interstate commerce that exceed any putative local benefits.

**EIGHTH DEFENSE**

Extraterritoriality. Plaintiff's claims that require extraterritorial application of the Municipal Code of Chicago or the Illinois Consumer Fraud and Deceptive Business Practices Act are barred.

**NINTH DEFENSE**

Primary jurisdiction. Plaintiff's claims are barred because the responsibilities for investigation and remediation in the State of Illinois are under the primary jurisdiction of the Illinois Attorney General.

**TENTH DEFENSE**

Lack of harm. Plaintiff's claims are barred because neither it, nor any Chicago resident, has suffered any harm, injury, or damage as a result of the data security incident involving Starwood's guest reservation database.

**ELEVENTH DEFENSE**

Failure to conduct pre-suit investigation. Plaintiff's claims are barred because it failed to conduct the pre-suit investigation required by law.

**TWELFTH DEFENSE**

Statute of limitations. Plaintiff's claims based on alleged misconduct that occurred outside the applicable limitations period are barred by the statute of limitations.

**THIRTEENTH DEFENSE**

Failure to mitigate. Plaintiff's claims for which they failed to mitigate damages are barred

in whole or in part.

## FOURTEENTH DEFENSE

Intervening or superseding causation. Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening or superseding causation, including in part, because any alleged damages claimed to have been suffered in the Complaint were caused by the third-party criminals who attacked Starwood's guest reservation database and not by Defendants.

## FIFTEENTH DEFENSE

Assumption of risk. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk, in that anytime an individual uses a payment card or provides other personal information he or she knows that the information is at risk for theft and/or misuse by sophisticated criminals.

## SIXTEENTH DEFENSE

Waiver, estoppel, laches, and ratification. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or ratification, as Plaintiff may have, whether through its actions or otherwise, given up its right to assert the claims alleged in the Complaint.

## SEVENTEENTH DEFENSE

Statute of frauds. Plaintiffs' claims based on alleged promises or statements that were not reduced to writing are barred by the statute of frauds.

## EIGHTEENTH DEFENSE

Defense of good faith. Plaintiff's claims are barred, in whole or in part, by the defense of good faith because at all times Defendants acted in good faith and in compliance with any applicable statutes and regulations.

## NINTEENTH DEFENSE

Defense of setoff. Plaintiff's claims are barred, in whole or in part, by the defense of setoff, to the extent that Chicago residents receive compensation from other sources for injury alleged as a result of the data security incident involving Starwood's guest reservation database.

## TWENTIETH DEFENSE

Duplicative fine. The fine sought by Plaintiff is barred in whole or in part to the extent it is duplicative of any fine assessed by the Illinois Attorney General or any other Illinois state or local individual or entity.

## TWENTY-FIRST DEFENSE

Excessive fine. The fine sought by Plaintiff is barred in whole or in part to the extent it constitutes an excessive fine under the Illinois or U.S. Constitutions or other applicable laws.

## TWENTY-SECOND DEFENSE

Public policy. Plaintiff's claims fail, in whole or in part, because Plaintiff cannot show a violation of public policy.

## TWENTY-THIRD DEFENSE

Not in the public interest. Plaintiff's claims fail, in whole or in part, because Plaintiff cannot show that this action is in the public interest.

## TWENTY-FOURTH DEFENSE

Lack of ownership. Plaintiff's claims fail, in whole or in part, because Defendants do not own or license personal information concerning an Illinois resident.

## TWENTY-FIFTH DEFENSE

Sophisticated entities. Plaintiff's claims are barred because they seek redress on behalf of sophisticated entities.

## OTHER DEFENSES

Discovery is ongoing in this case, and thus Defendants reserve the right to assert any additional defenses that might come to their attention or might be developed during this action, whether as a matter of right or by leave of Court.

*   *   *   *   *

Having answered the Complaint and asserted their affirmative defenses, Defendants request that the Court enter judgment for Defendants on Plaintiff's claims and award Defendants their costs for defending this action, including interest and attorney's fees, and any other relief that the Court deems just or proper.

Date: January 27, 2020

                                              */s/ Daniel R. Warren*
Daniel R. Warren (*pro hac vice*)
Lisa M. Ghannoum (*pro hac vice*)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114
Tel: 216.621.0200
Fax: 216.696.0740
Email: dwarren@bakerlaw.com
Email: lghannoum@bakerlaw.com

Gilbert S. Keteltas (Bar No. 12679)
Baker & Hostetler LLP
1050 Connecticut Ave. NW, Suite 1100
Washington, D.C. 20036
Tel: 202.861.1530
Fax: 202.861.1783
Email: gketeltas@bakerlaw.com

***Defendants' Co-Lead Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, the foregoing was filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record that the document has been filed and is available for viewing or downloading.

*/s/       Daniel R. Warren*
*One of Defendants' Co-Lead Counsel*